UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JEROME KEITH BALDWIN, | ) | |
| Petitioner, | ) ) ) | No. 6:18-CV-248-REW |
| v. | ) ) | |
| J.A. BARNHART, Warden, | ) ) | OPINION AND ORDER |
| Respondent. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Jerome Keith Baldwin was recently an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Baldwin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. DE #1. Baldwin challenges a prison disciplinary conviction and seeks the restoration of 27 days of good conduct time that he lost as a result. *Id.*

The United States has now responded to Baldwin's petition, stating that it has expunged the relevant disciplinary findings from Baldwin's record, restored his 27 days of lost good conduct time, and updated his sentence computation to reflect the restoration of that time. DE #9. Given the United States's representations to the Court, as supported by documentary evidence (*see* DE #9-1), Baldwin's petition is now moot. *See, e.g., Adames v. Quintana*, No. 5:11-cv-424-KSF, 2013 WL 182733, at *2 (E.D. Ky. Jan. 17, 2013) (explaining that no controversy remained because the petitioner's disciplinary conviction was expunged from his record and his good conduct time was restored). If Baldwin disagrees with the United States's representations in DE #9, he may file a proper motion for reconsideration of this decision.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** as moot Baldwin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DE #1).

2. The Court **STRIKES** this matter from the docket.

3. The Court will enter a corresponding Judgment.

This the 5th day of December, 2018.

Signed By:
*Robert E. Wier*
United States District Judge